# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE T. NALLS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-450** |
| **CHARLES PLATTSMIER, ET AL.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief Can be Granted, filed by defendants Charles Plattsmier, Rodney Hastings, and Billy Pesnell (Doc. #4), is **GRANTED**, and the complaint and amended complaint are **DISMISSED**.

## BACKGROUND

Plaintiff, Clarence T. Nalls, Jr., is an attorney licenced to practice law in Louisiana. On April 17, 2006, plaintiff was placed on probation by the Supreme Court of Louisiana with one year and one day suspension from the practice of law, fully deferred, after he was accused of filing a frivolous appeal on behalf of a client. During plaintiff's probation, he was hired by Sammie Williams, Jr. to probate his father's will. Sammie Williams, Sr.'s will named Henry Williams, his brother, as the executor. Henry Williams hired David Dawson as his attorney. On August 15, 2007, Dawson sent

plaintiff a facsimile requesting the original of Sammie Williams, Sr.'s will. The next day, plaintiff filed the original of the will into the record of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and refused to produce it to Dawson. Dawson filed a rule to hold plaintiff in contempt of court. The rule was heard on October 29, 2007, and plaintiff was held in contempt. Plaintiff's filed an appeal of that ruling with the Court of Appeal of Louisiana for the First Circuit.

Dawson also filed a complaint with the Disciplinary Board of the Louisiana State Bar Association (the "Disciplinary Board")[1] against plaintiff regarding his failure to turn over the original of the will. The Disciplinary Board investigated Dawson's complaint.

On May 30, 2008, defendant Rodney Hastings, Deputy Disciplinary Counsel for the Disciplinary Board, with the consent of his supervisor, defendant Charles Plattsmier, Chief Disciplinary Counsel for the Disciplinary Board, filed a motion with the Disciplinary Board to revoke plaintiff's probation. Hastings later withdrew the motion. On August 25, 2008, Hastings refiled the motion to revoke plaintiff's probation and to enforce the one year and one day suspension. The Disciplinary Board conducted a hearing on September 25, 2008, and on October 8, 2008, recommended that plaintiff's probation be revoked that the one year and one day suspension be made executory. Plaintiff filed an objection with the Supreme Court of the State of Louisiana.

---

[1] The Disciplinary Board is an agency that was created by Section 4 of Rule 19 of the Rules of the Supreme Court of Louisiana and Sections 5(A) and (B) of Article V of the Constitution of the State of Louisiana to administer the attorney disciplinary system in Louisiana. The Supreme Court of Louisiana oversees the Disciplinary Board and hears appeals from its decisions.

The Supreme Court of the State of Louisiana overruled plaintiff's objection and denied his motion for rehearing.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Hastings, in his individual capacity as Deputy Disciplinary Counsel for the Disciplinary Board, Plattsmier, in his individual capacity as Chief Disciplinary Counsel for the Disciplinary Board, and Billy Pesnell, in his individual capacity as Chairman of the Disciplinary Board, alleging that they violated his due process and equal protection rights in their actions regarding the revocation of his probation.[2] Defendants filed a motion to dismiss arguing that they are entitled to absolute prosecutorial or judicial immunity.[3] Plaintiff contends that defendants are not entitled to absolute immunity because the Disciplinary Board is an administrative agency that does not perform judicial or quasi-judicial acts, and Hastings' and Plattsmier's functions were administrative, not prosecutorial.

**ANALYSIS**

**1. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. In re Katrina

---

[2] Plaintiff confirmed in his opposition to defendants' motion to dismiss that all claims against defendants are brought in their individual capacities, and not in their official capacities. Thus, defendants' arguments regarding Eleventh Amendment immunity need not be addressed.

[3] In addition to arguing that they are entitled to absolute immunity and Eleventh Amendment immunity, defendants argue that plaintiff's claims are barred by the Rooker-Feldman Doctrine and that they are entitled to qualified immunity. The court finds it unnecessary to address these arguments due to its finding of absolute immunity.

Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.

**2.   Absolute Prosecutorial Immunity**

Hastings and Plattsmier argue that they are entitled to absolute immunity against plaintiff's lawsuit because plaintiff's claims arise out of their prosecutorial functions in that plaintiff alleges that they violated his civil rights with respect to their filing a motion to revoke his probation. Plaintiff argues that Hastings and Plattsmier are not entitled to absolute immunity because they are employees of the Disciplinary Board, which is an administrative agency, and their functions of investigating claims against attorneys, presenting those claims to the board, and making recommendations regarding the claims are investigate and administrative, not prosecutorial.

Prosecutors are entitled to absolute immunity for acts performed as advocates of the state. Imbler v. Pachtman, 96 S.Ct. 984, 995, n. 33 (1976). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "'actions preliminary to initiation of a prosecution and actions apart from the courtroom.'" Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993) (quoting Imbler, 96 S.Ct. at 995, n. 33). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987). Such absolute immunity is necessary due to the "concern that harassment by unfounded litigation would cause a deflection of

the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler, 96 S.Ct. at 991.

In Butz v. Economou, 98 S.Ct. 2894 (1978), the Supreme Court of the United States extended absolute immunity to agency officials acting in administrative adjudication processes. The court analogized the agency hearing examiners and prosecutors to their judicial counterparts and found that the risk of the agency hearing examiners and prosecutors committing unconstitutional acts was outweighed by the need to preserve their independent judgment. Id. at 2915.

The United States Court of Appeals for the Fifth Circuit extends absolute immunity to members of administrative boards that regulate lawyers. See Austin Mun. Sec., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 757 F.2d 676, 690 (5th Cir. 1985). The absolute immunity includes persons who act as disciplinary counsel in front of the Disciplinary Board when they bring and present disciplinary actions. See Forman v. Ours, 804 F.Supp. 846, 868, aff'd, 996 F.2d 306 (5th Cir. 1993).

Plaintiff's claims against Hastings and Plattsmier arise out of their functions as disciplinary counsel who practice in front of the Disciplinary Board. Specifically, plaintiff alleges that they violated his constitutional rights when they acted to obtain a revocation of his two year probation, which are prosecutorial functions. Therefore, Hastings and Plattsmier are entitled to absolute immunity, and plaintiff's claims against them are dismissed.

**3.     Absolute Judicial Immunity**

Pesnell argues that he is entitled to absolute immunity against plaintiff's lawsuit because plaintiff's claims arise out of his judicial function as the Chairman of the Disciplinary Board, and

5

plaintiff alleges that Pesnell violated his civil rights with respect to the Disciplinary Board's actions in revoking his probation. Plaintiff argues that Pesnell is not entitled to absolute immunity because Pesnell does not perform judicial acts as the Chairman of the Disciplinary Board, an administrative agency.

It has long been held that "[a] judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any action performed in his judicial role," even when such acts are in excess of his jurisdiction, and are alleged to have been performed maliciously or corruptly. Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (internal citations omitted); Bradley v. Fischer, 80 U.S. (13 Wall.) 335, 351 (1871). The Supreme Court of the United States has explained:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery, and eventual trial.

Mireles v. Waco, 112 S.Ct. 286, 288 (1991). As explained above, the Supreme Court of the United States extended absolute immunity to agency hearing examiners, see Butz, 98 S.Ct. at 2913-15, and the United States Court of Appeals for the Fifth Circuit has held that members of administrative boards that regulate lawyers are entitled to absolute immunity, see Austin Mun. Sec., Inc., 757 F.2d at 690.

However, the Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial

> capacity. Second, a judge is not immune for actions, through judicial in nature, taken in the complete absence of jurisdiction.

Mireles, 112 S.Ct. at 288.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an action by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump v. Steward, 98 S.Ct. 1099, 1107 (1978)

More specifically, in determining whether a judge's actions were judicial in nature, the court should consider: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972)).

Plaintiff alleges that as the Chairman of the Disciplinary Board, Pesnell knew or should have known that Hastings and Plattsmier were violating his civil rights in their actions regarding the revocation of his probation. Plaintiff also alleges that the Disciplinary Board violated his civil rights in its actions regarding the revocation of his probation.[4] These acts are part of Pesnell's function

---

[4] It appears that plaintiff named Pesnell, in his individual capacity as Chairman of the Disciplinary Board, in order to avoid Eleventh Amendment immunity that is enjoyed by the Disciplinary Board as an arm of the state, although plaintiff's claims, including a claim for an injunction, are against the Disciplinary Board, not Pesnell. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999) (citing Voisin's Oyster House v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986)); see also Forman, 804 F.Supp. 846, aff'd, 996 F.2d 306.

as Chairman of the Disciplinary Board, and arose out of the disciplinary action against plaintiff. Therefore, Pesnell is entitled to absolute immunity, and plaintiff's claims against him are dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief Can be Granted, filed by defendants Charles Plattsmier, Rodney Hastings, and Billy Pesnell (Doc. #4), is **GRANTED**, and the complaint and amended complaint are **DISMISSED**.

New Orleans, Louisiana, this  7th  day of April, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**